# UNITED STATES DISTRICT COURT
# IN THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re Dykeswill, Ltd., § | | |
|     Debtor § | C.A. No. 04-20974 | |
| § | | |
| § | | |
| Ben Floyd, J. Mitchell Clark § | | |
|     Appellants, § | | |
| § | | |
| v. § | C.A. No.02:06-cv-233 | |
| § | | |
| Dykeswill, Ltd., § | | |
| Waiono Plantation, Inc., § | | |
|     Appellees. § | | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REHEARING

Before the Court is Appellee Waiono Plantation, Inc.'s (WPI) Motion to Reconsider (D.E. 15). The Court must treat this as a motion for rehearing under Bankruptcy Rule 8015. *See Matter of Butler, Inc.*, 2 F.3d 154, 155 (5th Cir. 1993) ("When the district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing.'"(quoting *Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir. 1991)).

WPI argues there are "several factual impediments" that justify a reconsideration of the Court's Opinion and Order to Remand (D.E. 14). However WPI raises no new facts, nor points to any clerical errors. Instead, WPI insists that its reasonable contract expectations prevent the Court from finding that the contract was executed with respect to the recovered mortgage. Additionally, WPI argues the Court's reasoning "gives rise

to grave public policy considerations."

WPI insists that because it expected Clark to continue to procure a monetary recovery after the settlement of WPI's claims against Dykeswill, the attorney-client contract remained executory, without any interest vesting in its former lawyer, Clark. WPI may have a claim against Clark for failing to pursue foreclosure, especially if Clark knew or should have known of a potential bankruptcy. But Clark's failure to pursue foreclosure or other monetary recovery prior to Dykeswill's bankruptcy does not change the substance of the contract, or affect its execution with respect to the recovered mortgage. Clark seeks to compromise his interest *only* in that which was actually recovered by WPI—the mortgage.

Appellee's motion for rehearing (D.E. 15) is DENIED.


Ordered this 14 day of June, 2007.


_____
HAYDEN HEAD
CHIEF JUDGE